IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

---

**CHASE DECKER**,
**JEREMIAH ALDRICH**,
**OLUFEMI AKADIRI**,
**TIFFANY MARTIN**, and
**DAVID STEVENSON**,

Plaintiffs,

v.

**‘MURICA LLC** d/b/a Starlite Station, a Colorado Limited Liability Company; and
**JAMES JENNINGS**, individually, and in his official corporate capacity,
**DELLA CLAYBURGH**, individually, and in her official corporate capacity,

Defendants.

---

**COMPLAINT**
**(Demand for Jury Trial)**

---

Plaintiffs, Chase Decker (“Plaintiff Decker”), Jeremiah Aldrich (“Plaintiff Aldrich”), Olufemi Akadiri (“Plaintiff Akadiri”), Tiffany Martin (“Plaintiff Martin”), and David Stevenson (“Plaintiff Stevenson”) (collectively, “Plaintiffs”), individually, sue the Defendants, ‘Murica LLC d/b/a Starlite Station (“Defendant Starlite”), James Jennings, and Della Clayburgh (collectively, “Defendants”), and allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for the Defendants' failure to pay Plaintiff all earned minimum wages.

2. This lawsuit also arises under the Colorado Minimum Wage Act ("CMWA"), Colorado Revised Statutes ("C.R.S.") Title 8, Article 6.

3. The Defendants operate a bar in Greeley, Colorado that begin its operations on or around November 15, 2018.

4. The Plaintiffs are individuals who worked for Defendants prior to November 17, 2018 (the "pre-opening period") and after November 15, 2018 (the "post-opening period".

5. The Defendants hired Plaintiffs to work during the pre-opening period, which generally lasted approximately 12 weeks.

6. Defendants enforced a policy or practice of not paying any wage whatsoever to Plaintiffs during the pre-opening period, which violated both the FLSA and the Colorado Minimum Wage Act.

## JURISDICTION AND VENUE

7. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367 because this civil action also arises under Colorado law.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11. At all relevant times, Plaintiff Decker is an individual residing in Weld County, Colorado, and is a former employee of Defendants.

12. Plaintiff Decker was employed by Defendants as a DJ from approximately September 6, 2018 through approximately mid-December 2018. During the pre-opening period, Plaintiff Decker performed work as a general laborer, which included cleaning, organizing, and other manual labor aimed at preparing Starlite Station to open operations.

13. At all material times, Plaintiff Decker was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

14. At all material times, Plaintiff Decker was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

15. At all relevant times, Plaintiff Alrdich is an individual residing in Weld County, Colorado, and is a former employee of Defendants.

16. Plaintiff Aldrich was employed by Defendants as a bouncer/security personnel from approximately late October 2018 through approximately December 13, 2018. During the pre-opening period, Plaintiff Aldrich performed work as a general laborer, which included cleaning, organizing, and other manual labor aimed at preparing Starlite Station to open operations.

17. At all material times, Plaintiff Aldrich was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

18. At all material times, Plaintiff Aldrich was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

19. At all relevant times, Plaintiff Akadiri is an individual residing in Boulder County, Colorado, and is a former employee of Defendants.

20. Plaintiff Akadiri was employed by Defendants as a barback from approximately late July 2018 through approximately mid-December 2018. During the pre-opening period, Plaintiff Akadiri performed work as a general laborer, which included cleaning, organizing, and other manual labor aimed at preparing Starlite Station to open operations.

21. At all material times, Plaintiff Akadiri was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

22. At all material times, Plaintiff Akadiri was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

23. At all relevant times, Plaintiff Martin is an individual residing in Boulder County, Colorado, and is a former employee of Defendants.

24. Plaintiff Martin was employed by Defendants as a bartender and floorstaff trainer from approximately Early September 2018 through approximately mid-December. During the pre-opening period, Plaintiff Martin performed work as a general laborer, which included cleaning, organizing, and other manual labor aimed at preparing Starlite Station to open operations.

25. At all material times, Plaintiff Martin was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

26. At all material times, Plaintiff Martin was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27. At all relevant times, Plaintiff Stevenson is an individual residing in Weld County, Colorado, and is a former employee of Defendants.

28. Plaintiff Stevenson was employed by Defendants as floor staff/security personnel from approximately early November 2018 through approximately early December 2018. During the pre-opening period, Plaintiff Stevenson performed work as a general laborer, which included cleaning, organizing, and other manual labor aimed at preparing Starlite Station to open operations.

29. At all material times, Plaintiff Stevenson was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

30. At all material times, Plaintiff Stevenson was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

31. At all material times, Defendant 'Murica LLC was a limited liability company duly licensed to transact business in the State of Colorado.

32. At all material times, Defendant 'Murica LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Weld County, Colorado.

33. At all materials times, Defendant 'Murica LLC is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

34. At all materials times, Defendant 'Murica LLC is Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

35. At all materials times, Defendant James Jennings is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

36. At all materials times, Defendant James Jennings is Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

37. At all materials times, Defendant Della Clayburgh is Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

38. At all materials times, Defendant Della Clayburgh is Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

39. At all relevant times throughout Plaintiffs' employment, 'Murica LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiffs' employment with 'Murica LLC. As a person who acted in the interest of 'Murica LLC in relation to the company's employees, 'Murica LLC is subject to liability under the FLSA.

40. Defendant James Jennings has caused events to take place giving rise to the claims in this Complaint. James Jennings is an owner of 'Murica LLC and was at all relevant times Plaintiffs' employer as defined by the FLSA, 29 U.S.C. § 203(d).

41. Under the FLSA, Defendant James Jennings is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. James Jennings is an owner of 'Murica LLC.

42. At all relevant times throughout Plaintiffs' employment, James Jennings had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with 'Murica LLC. As a person who acted in the interest of 'Murica LLC in relation to the company's employees, James Jennings is subject to individual liability under the FLSA.

43. Defendant Della Clayburgh has caused events to take place giving rise to the claims in this Complaint. Della Clayburgh is an owner of ‘Murica LLC and was at all relevant times Plaintiffs’ employer as defined by the FLSA, 29 U.S.C. § 203(d).

44. Under the FLSA, Defendant Della Clayburgh is an employer. The FLSA defines “employer” as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Della Clayburgh is an owner of ‘Murica LLC.

45. At all relevant times throughout Plaintiffs’ employment, Della Clayburgh had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs’ employment with ‘Murica LLC. As a person who acted in the interest of ‘Murica LLC in relation to the company’s employees, Della Clayburgh is subject to individual liability under the FLSA.

## FACTUAL ALLEGATIONS

46. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

47. Defendants own and operate as “Starlite Station,” a bar in Greeley, Colorado.

48. Plaintiffs, in their work for the Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

49. At all relevant time, Plaintiffs, in their work for the Defendants, were engaged in commerce or the production of goods for commerce.

50. At all relevant times, Plaintiffs, in their work for the Defendants, were engaged in interstate commerce.

51. At all relevant times, Plaintiffs, in their work for Defendants, handled goods or materials that had moved or been produced in interstate commerce.

52. At all relevant times, Plaintiffs, in their work for Defendants, regularly served customers who traveled to, through, or from Colorado in their travels to, through, or from other states.

53. At all relevant times, Plaintiffs, in their work for the Defendants, were employed by a restaurant, an entity that by its nature affected interstate commerce.

54. At all relevant times, Plaintiffs, in their work for the Defendants, communicated with customers and potential customers using the telephone and internet.

55. At all relevant times, Plaintiffs, in their work for the Defendants, accepted and processed credit card payments from customers.

56. Plaintiffs were hired by the Defendants to perform labor at the Defendants' bar.

57. Defendants hired Plaintiffs to work the pre-opening period but did not pay them any wage whatsoever for the time they worked for Defendants.

58. Defendants hired Plaintiff Decker to work as a DJ. Defendants agreed to pay Plaintiff Decker $15 per hour. Plaintiff Decker worked approximately 150 hours for Defendants during the pre-opening period but was never paid any wage whatsoever for such time he worked for Defendants.

59. Defendants hired Plaintiff Aldrich to work as security personnel. Defendants agreed to pay Plaintiff Aldrich $10.20 per hour. Plaintiff Aldrich worked approximately 30 hours for Defendants during the pre-opening period but was never paid any wage whatsoever for such time he worked for Defendants.

60. Defendants hired Plaintiff Akadiri to work as a barback. Defendants agreed to pay Plaintiff Akadiri $10.50 per hour. Plaintiff Akadiri worked approximately 120 hours for Defendants during the pre-opening period but was never paid any wage whatsoever for such time he worked for Defendants.

61. Defendants hired Plaintiff Martin to work as a bartender and floorstaff trainer. Defendants agreed to pay Plaintiff Martin $10.50 per hour. Plaintiff Martin worked approximately 150 hours for Defendants during the pre-

opening period but was never paid any wage whatsoever for such time she worked for Defendants.

62. Defendants hired Plaintiff Stevenson to work as security personnel. Defendants agreed to pay Plaintiff Stevenson $10.20 per hour. Plaintiff Stevenson worked approximately 30 hours for Defendants during the pre-opening period but was never paid any wage whatsoever for such time she worked for Defendants.

63. As such, full minimum wage for such time is owed to Plaintiffs for the entire time they were employed by the Defendants.

64. As a result of the Defendants' failure to pay Plaintiffs any wage whatsoever, the Defendants failed to compensate Plaintiffs minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

65. As a result of the Defendants' failure to pay Plaintiffs any wage whatsoever, the Defendants failed to compensate Plaintiffs minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

66. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

67. The Defendants did not compensate Plaintiffs for any time worked whatsoever during the pre-opening period.

68. During this time, the Defendants did not record the time that Plaintiffs worked, and the Defendants did not compensate Plaintiffs for such time that Plaintiffs worked.

69. As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

70. The Defendants' failure to pay Plaintiffs the applicable minimum wage for this time violated the FLSA, 29 U.S.C. § 206.

71. As such, Defendants owe Plaintiffs the full applicable minimum wage for such time Plaintiffs performed work for Defendants.

72. Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, Chase Decker, Jeremiah Aldrich, Olufemi Akadiri, Tiffany Martin, and David Stevenson, respectfully request that this Court grant relief in their favor, and against Defendants, for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and

disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: COLORADO MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

73. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74. The Defendants did not compensate Plaintiffs for any time worked whatsoever during the pre-opening period.

75. During this time, the Defendants did not record the time that Plaintiffs worked, and the Defendants did not compensate Plaintiffs for such time that Plaintiffs worked.

76. As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

77. The Defendants' failure to pay Plaintiffs the applicable minimum wage for this time violated the CMWA, C.R.S. § 8-6-104.

78. As such, Defendants owe Plaintiffs the full applicable minimum wage for such time Plaintiffs performed work for Defendants.

79. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, together with interest, reasonable attorneys' fees, and costs pursuant to the CMWA, C.R.S. § 8-6-118.

**WHEREFORE**, Plaintiff, Chase Decker, Jeremiah Aldrich, Olufemi Akadiri, Tiffany Martin, and David Stevenson, respectfully request that this Court grant relief in Plaintiffs' favor, and against Defendants for compensation for unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury on all issues so triable.

RESPECTFULLY SUBMITTED this January 11, 2019.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*

Clifford P. Bendau, II (AZ No. 030204)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
info@bendaulaw.com